UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

MICHAEL RAY CARTER,      )
      )
      Movant,      )
      )      Civil No.15-05102-01-CV-SW-MDH
v.      )      Criminal No. 06-05003-01-CR-SW-RED
      )
UNITED STATES OF AMERICA,      )
      )
      Respondent.      )

## ORDER

Before the Court is Movant Michael Ray Carter's Motion to Vacate (Doc. No. 1). On November 5, 2015 the Court issued a show cause order giving Respondent 30 days to file its response. The Government filed its Response on December 4, 2015 suggesting that Movant's motion be granted. (Doc. No. 8). The Court has reviewed the record before it and for the reasons set forth herein **GRANTS** the Motion to Vacate Sentence Under 28 U.S.C. § 2255.

## BACKGROUND

On July 5, 2007, District Judge Richard E. Dorr sentenced Carter to a term of 180 months imprisonment following his conviction of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and after finding he had three qualifying prior convictions that supported imposition of a sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). One of the prior convictions relied upon for the ACCA sentence was for the offense of stealing from a person under Missouri state law, which the sentencing court at the time found was a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii), the

1

so-called "residual clause" of the ACCA, which defined "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

In reliance on *Johnson v. United States*, 135 S. Ct. 2551, 2554, 192 L. Ed. 2d 569 (2015), where the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague, Carter seeks relief under 28 U.S.C. § 2255, and asks this Court to vacate his previous sentence of 180 months and resentence him without application of the ACCA.

## DISCUSSION

The Court first finds that Carter's motion for relief under 28 U.S.C. § 2255 is timely because it is filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3).

The Court further finds, again without objection from the parties, that *Johnson* constitutes a new substantive rule of constitutional law that should be applied retroactively to defendants previously sentenced under the ACCA.

In light of *Johnson*, the court further finds, without objection from the parties, that Carter's prior Missouri conviction for stealing from a person no longer qualifies as a "violent felony" under the residual clause of the ACCA.

The Court therefore concludes that without the prior Missouri stealing from a person conviction, Carter does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him for sentencing under the ACCA.

Based on the above findings, the Court concludes that Carter's currently imposed sentence of 180 months is now a per se illegal sentence, not only in violation of the laws of the United States, but also in excess of the 10-year statutory maximum for the federal offense of being a felon in possession of a firearm, and that allowing this sentence to remain intact would violate due process and result in a fundamental miscarriage of justice.

The Court further finds that Carter's written waiver of his right to personally appear for resentencing is valid pursuant to Fed. R. Crim. P. 43(c)(1)(B) which permits a defendant to waive his right to be present at sentencing in a noncapital case by being "voluntarily absent." The Court finds Defendant executed the waiver knowingly and voluntarily, with the advice of counsel, and the Court is therefore authorized to resentence Carter without further delay and without his personal appearance. (Doc. No. 9).

The Court further finds, without objection from the parties, that Carter should be resentenced to a term of 120 months, and directs that an amended judgment to that effect be entered in Case No. 06-05003-01-CR-SW-RED, substituting 120 months as the term of imprisonment to replace the previously imposed 180 month imprisonment term, and imposing a three-year term of supervised release and retaining all the previously imposed conditions of release.

Additionally, a hearing having been waived by the defendant, it is hereby **ORDERED** that the following be added to the conditions of supervised release for the defendant: If a viable home plan has not been approved by the U.S. Probation Office by

3

the date of release from custody, the defendant shall reside in and satisfactorily participate in a residential reentry center program until an acceptable home plan is approved by the U.S. Probation Office, but not to exceed a period of 60 days.

The Court further finds that because Carter has already been in custody for more than 120 months by reason of his conviction under 18 U.S.C. § 922(g), he should be released from imprisonment and placed on supervised release without delay.

## CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Carter's Motion to Vacate (Doc. No. 1), vacates Carter's sentence, and **ORDERS** Carter to be sentenced to 120 months' imprisonment.

**IT IS SO ORDERED.**

Date: December 15, 2015

_____*/s/ Douglas Harpool*_____
**Douglas Harpool**
**United States District Judge**